UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES BELL, JR.,

        Petitioner,

   v.

KENNETH QUINN,

        Respondent.

Case No.  C07-5598FDB-KLS

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

On October 29, 2007,[1] petitioner filed an application to proceed *in forma pauperis* and a petition

---

[1] Although the petition was date stamped October 31, 2007, by the Clerk, and therefore was actually filed with this Court on that date, it was deposited in his prison's mailing system on October 29, 2007. (Dkt. #6).  Thus, this is the date petitioner is deemed to have delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").  Accordingly, the date petitioner deposited his petition in the prison's mailing system shall be treated as the date he filed it with this Court.

ORDER
Page - 1

for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #6). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." <u>Dictado</u>, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

In his petition, petitioner states he was sentenced on November 2, 1998, to a total of 320 months in prison for the crimes of attempted murder and robbery, both in the first degree. He states his conviction was affirmed by the Washington State Court of Appeals, Division II, on June 19, 2000. It does not appear that plaintiff sought any further direct appeal of his conviction or sentence. Hence, the one-year statute of limitations began to run on June 20, 2000. See <u>Wixom v. Washington</u>, 264 F.3d 894, 898 (direct review is concluded when court of appeals denies appeal, and no appeal is made to state's highest court).

Petitioner states in his memorandum in support of his petition that he next sought relief from the court of appeals decision by filing a state personal restraint petition in January 2006. (Dkt. #6-2). Before

ORDER
Page - 2

filing his personal restraint petition, therefore, the statute of limitations under the AEDPA already had run for five and one-half years, or well over the one-year time limit.  Plaintiff then states the court of appeals denied his personal restraint petition on October 31, 2007, which curiously is two days after he deposited his federal *habeas corpus* petition in the prison mail system.  Regardless, well before the time he had filed his state personal restraint petition, the one-year statute of limitations had ended.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted).  Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714.  Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

For the foregoing reasons, it appears that the AEDPA's one-year statute of limitations has run, and therefore that the petition is now time barred.  Accordingly, the Court shall not serve the petition on respondent.  In addition, petitioner shall file by **no later than February 10, 2008**, an amended petition under 28 U.S.C. § 2254 showing that his petition is not now time-barred, or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to petitioner.

DATED this 10th day of January, 2008.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge