UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES BELL, JR.,

        Petitioner,

   v.

KENNETH QUINN,

        Respondent.

Case No.  C07-5598FDB-KLS

REPORT AND RECOMMENDATION

Noted for March 21, 2008

Petitioner is a state prisoner currently incarcerated at the Washington State Reformatory, located in Monroe, Washington.  This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254.  After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as untimely.

## DISCUSSION

On October 29, 2007,[1] petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #6).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas*

---

[1] Although the petition was date stamped October 31, 2007, by the Clerk, and therefore was actually filed with this Court on that date, it was deposited in his prison's mailing system on October 29, 2007. (Dkt. #6).  Thus, this is the date petitioner is deemed to have delivered it to prison authorities for forwarding to the Court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").  Accordingly, the date petitioner deposited his petition in the prison's mailing system shall be treated as the date he filed it with this Court.

REPORT AND RECOMMENDATION
Page - 1

*corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." <u>Dictado</u>, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

In his petition, petitioner stated that he was sentenced on November 2, 1998, to a total of 320 months in prison for the crimes of attempted murder and robbery, both in the first degree. He stated that his conviction was affirmed by the Washington State Court of Appeals, Division II, on June 19, 2000. It does not appear, however, that plaintiff sought any further direct appeal of his conviction or sentence. Hence, the one-year statute of limitations began to run on June 20, 2000. <u>See</u> <u>Wixom v. Washington</u>, 264 F.3d 894, 898 (direct review is concluded when court of appeals denies appeal, and no appeal is made to state's highest court).

Petitioner stated in his memorandum in support of his petition that he next sought relief from the court of appeals decision by filing a state personal restraint petition in January 2006. (Dkt. #6-2). Before filing his personal restraint petition, therefore, the statute of limitations under the AEDPA already had run for five and one-half years, or well over the one-year time limit. Plaintiff then stated that the court of

REPORT AND RECOMMENDATION
Page - 2

1    appeals denied his personal restraint petition on October 31, 2007, which curiously was two days after he

2    deposited his federal *habeas corpus* petition in the prison mail system.  Regardless, well before the time

3    he had filed his state personal restraint petition, the one-year statute of limitations had ended.

4         Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in

5    most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted).  Equitable tolling "is

6    appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a

7    petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v.

8    Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001).  "External forces," not petitioner's "lack of diligence" must

9    account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

10   As the Ninth Circuit Court of Appeals has held:

11   > It will normally be much more difficult for a prisoner to demonstrate causation where
   > he encounters the "extraordinary circumstances" in the beginning or middle of the
12  > limitations period than where he encounters them at the end of limitations period. This
   > is the case because, if the prisoner is diligently pursuing his habeas petition, the
13  > one-year limitations period will ordinarily give him ample opportunity to overcome
   > such early obstacles.
14
    Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required
15
    to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v.
16
    Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still
17
    had over six months to complete federal *habeas corpus* petition after termination of allegedly
18
    extraordinary circumstances).  Further, ignorance of the law, "even for an incarcerated pro se petitioner,
19
    generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting
20
    Fisher, 174 F.3d at 714.  Here, there is no indication that extraordinary circumstances beyond petitioner's
21
    control made it impossible for him to file his petition on time.
22
         On January 10, 2008, the undersigned issued an order to show cause informing petitioner that his
23
    petition appeared to be untimely, and thus barred by the AEDPA's one-year statute of limitations for the
24
    reasons noted above. (Dkt. #9).  The undersigned therefore ordered petitioner to file an amended petition
25
    showing that his petition is not now time-barred, or show cause why this matter should not be dismissed.
26
    On February 11, 2008, plaintiff filed a response to the undersigned's order to show cause, arguing that his
27
    petition is timely, in that the Washington State Court of Appeals rejected his personal restraint petition on
28
    October 31, 2006, rather than on October 31, 2007. (Dkt. #10).

REPORT AND RECOMMENDATION
Page - 3

This does not help petitioner, however, and actually indicates even more time may have run prior to the filing of his federal *habeas corpus* petition. Regardless, petitioner does not address the fact that more than five years passed between the time the AEDPA's one-year statute of limitations began to run and he filed his personal restraint petition. Thus, it seems his petition is still untimely.

## CONCLUSION

Because it appears that petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the Court should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **March 21, 2008**, as noted in the caption.

DATED this 27th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge