UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES BELL, JR.,

    Petitioner,

    v.

KENNETH QUINN,

    Respondent.

Case No. C07-5598FDB

ORDER DENYING MOTION FOR RECONSIDERATION

On April 7, 2008, this Court adopted a Report and Recommendation dismissing this petition as untimely and rejected Petitioner's unsupported objections that he falls outside the time bar and is within the "significant change in the law" exception in RCW 10-73.100(6). More than five years passed between the time when the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA) began to run and when Bell filed this Petition.

On April 28, 2008, Petitioner filed a motion for an extension of time to file a motion for reconsideration citing as reasons that he is "not legally intelligent," and that access to the law library at McNeil Island was limited because of closures for unknown reasons. On May 12, 2008, Petitioner filed his motion for reconsideration arguing that he comes within the "significant change in the law" exception citing *State v. Swenson*, 104 Wn. App. 744, 9 P.3d 933 (2000)(concerning the felony murder statute and harmless error analysis in the jury instructions).

ORDER - 1

1     Bell's motion for reconsideration is without merit. Bell was convicted by a jury of First Degree Attempted Murder and First Degree Robbery. His conviction was affirmed on June 19, 2000 by the Washington State Court of Appeals, Division II. The one-year statute of limitation began to run in this case on June 20, 2000. *Swenson* was decided in October 2000. Bell filed his personal restraint petition in January 2006, well after the one-year limitation period had passed and within which he could have made any argument with respect to *Swenson*. The Magistrate Judge gave Petitioner an opportunity to show why his petition was not time barred, and he also had the opportunity when he filed his objections to the Report and Recommendation. Petitioner has had ample opportunity to express his arguments since the time of the Magistrate Judge's Order To Show Cause in January 2008. Petitioner has not shown that he comes within any exception to the one-year statute of limitation. Under all the circumstances, Petitioner's motion will be denied.

ACCORDINGLY,

    IT IS ORDERED: Petitioner's Motion for Extension of Time To File Motion for Reconsideration [Dkt. # 14] is found to be MOOT and Petitioner's Motion for Reconsideration [Dkt. # 16] is DENIED.

    DATED this 15th day of May, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2